UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Rachel Renee Morris**                                                       **Docket No. 4:14-CR-75-1FL**

**Petition for Action on Supervised Release**

COMES NOW Taron N. Seburn, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Rachel Renee Morris, who, upon an earlier plea of guilty to Conspiracy to Commit Possession of Stolen Firearms, in violation of 18 U.S.C. § 371; Possession of Stolen Firearms and Aiding and Abetting, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2; and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on October 22, 2015, to the custody of the Bureau of Prisons for a term of 180 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

On October 4, 2016, the defendant's total term of imprisonment was reduced by the Honorable Louise W. Flanagan, U.S. District Judge, to 80 months, and her term of supervised release was reduced to 3 years, pursuant to 18 U.S.C. §§ 3742(f)(1) and (2). Rachel Renee Morris was released from custody on April 9, 2019, at which time the term of supervised release commenced in the District of South Carolina (DSC), where she resides.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

As noted above, on April 9, 2019, Morris's term of supervised release commenced in the DSC. According to a Violation Report submitted on January 8, 2020, by the supervising USPO in the DSC, the defendant admitted to cocaine use on September 5, 2019. The defendant signed an admission of drug use statement and was referred for substance abuse treatment at Trinity Behavioral Care (TBC) in Dillon, South Carolina.

Additionally, in the Violation Report, the supervising officer noted that a urine specimen submitted by the defendant on October 16, 2019, was determined by the national laboratory to be positive for cocaine use. It was further reported that Morris failed to report to TBC for her substance abuse assessment as instructed. In response to the violations, the defendant was verbally reprimanded by her supervising USPO and counseled about her actions. The defendant ultimately reported to TBC for her assessment and was recommended to attend a peer support group and a substance abuse group once per week. As of January 8, 2020, the defendant has successfully attended all treatment sessions. Further conversation with the supervising district revealed the defendant also tested positive for cocaine use on January 13, 2020.

Furthermore, in the Violation Report, the supervising officer advised that on November 30, 2019, the McColl Police Department in McColl, South Carolina, issued a warrant charging the defendant with Grand Larceny. According to the incident report, on November 30, 2019, the defendant stole a vehicle belonging to a male acquaintance. It was further reported that the vehicle contained a firearm, and on a previous occasion in September 2019, the defendant committed the same conduct regarding the same acquaintance, but he declined to pursue charges against Morris at that time. With respect to the November 2019 incident, the vehicle was ultimately recovered by officers after it was discovered abandoned alongside the roadway. According to the reporting officer, the firearm has yet to be recovered. The warrant charging the defendant with Grand Larceny remains unserved.

Regarding the new criminal conduct, the supervising officer is respectfully recommending that no action be taken at this time pending service of the warrant and adjudication of the charge. Additionally, the defendant was originally ordered to participate in substance abuse and mental health treatment as a condition of her supervised release and is complying with such treatment. The supervising officer in the DSC is respectfully requesting that the conditions of supervised release be modified to include their district's language pertaining to the conditions. The defendant signed a Waiver of Hearing agreeing to the proposed modifications of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the United States Probation Office. The defendant shall contribute to the cost of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

2. The defendant shall satisfactorily participate in a mental health treatment program as approved by the United States Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Dewayne L. Smith<br>Dewayne L. Smith<br>Supervising U.S. Probation Officer | /s/ Taron N. Seburn<br>Taron N. Seburn<br>U.S. Probation Officer<br>201 South Evans Street, Rm 214<br>Greenville, NC 27858-1137<br>Phone: 252-830-2335<br>Executed On: February 4, 2020 |

### ORDER OF THE COURT

Considered and ordered this ___10th___ day of ___February___, 2020, and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge